# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNULFO NAVARRO SANCHEZ, | CV F   01-6435 AWI DLB HC |
| Petitioner, | ORDER REGARDING CERTIFICATE OF APPEALABILITY |
| v. | |
| GIURBINO, WARDEN, | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 25, 2005, the court denied Petitioner's petition for writ of habeas corpus and judgment was entered in favor of Respondent on this same day. On June 13, 2005, Petitioner filed a notice of appeal. Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

1

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

    In the present case, the court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right. The court finds that reasonable jurists would not disagree with the court's determination that the alleged jury instruction errors did not violate due process. See Estelle v. McGuire, 502 U.S. 62, 71-72 (1991). The court finds that reasonable jurists would not disagree with the court's finding that a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Finally, the court finds that reasonable jurists would not disagree over whether Petitioner's trial counsel was ineffective. Strickland v. Washington, 466 U.S. 668, 687 (1984).

//

1   Accordingly, Petitioner's request for a certificate of appealability is DENIED.

3   IT IS SO ORDERED.

4   **Dated:     June 30, 2005**             /s/ **Anthony W. Ishii**
    0m8i78                                  UNITED STATES DISTRICT JUDGE